# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ALICE F. ADAMS, ET AL.,                                           PLAINTIFFS,

VS.                                                     CIVIL ACTION NO. 4:02CV0054-P-B

CITIFINANCIAL, INC., ET AL.,                                      DEFENDANTS.

## ORDER

This matter comes before the court upon Defendant's Motion to Dismiss Certain Plaintiffs For Lack of Standing [105-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Per this court's Order [150-1] entered on September 7, 2005, which granted Plaintiffs' Motion to Stay Court's Ruling and For Extension of Time Within Which to Submit Additional Brief in Response to Defendant's Motion to Dismiss Certain Plaintiffs for Lack of Standing [131-1], the court instructed the subject 28 plaintiffs (out of a total of 168 plaintiffs in this action) as follows:

> The plaintiffs have until October 7, 2005 by which to secure formal abandonment by the Trustees of the subject claims and/or to provide binding authority demonstrating that informal abandonment is adequate to not require the Trustees to be joined as real parties in interest thereby giving the subject plaintiffs standing.

As of this date, the subject plaintiffs have done neither. Accordingly, as correctly pointed out by the defendants in the instant motion to dismiss, the subject plaintiffs' claims should be dismissed because (1) their claims accrued prior to filing their respective bankruptcy petitions (thus making the claims property of their bankruptcy estates); (2) none of those petitions listed their claims on the bankruptcy schedules as required by law; (3) the appropriate Bankruptcy Trustee is the real party in interest under Fed. R. Civ. P. 17, not the subject plaintiffs; (4) none of the Trustees joined in the

1

present action to assert any of the subject plaintiffs' claims; and (5) none of the Trustees formally abandoned the claims.

Fed. R. Civ. P. 17(a) provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Such reasonable time has been allowed and the court has not received any evidence of intent by a Bankruptcy Trustee to substitute himself for any of the subject plaintiffs in order to proceed in this action as the real party in interest.

In addition, since it is undisputed that the subject plaintiffs filed their bankruptcy petitions without listing their claims in the present case on their bankruptcy schedules as required by law, their claims should be dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss Certain Plaintiffs For Lack of Standing [105-1] is hereby **GRANTED**; accordingly,

(2) The claims of Justina Anderson, Detrict Bagwell, Gloria D. Ball, Ethel Blair, Cleo Butler, Gene Coleman, Annie Davenport, Kathryn Harrigill, Patrick Harrigill, Rosetta J. Mack, Terry Tackett, Richard Walls, Sylvia Ann White, Fred White, Josephine Williams, Robert Willis, Evelyn Murray, Annie P. Johnson, Lessie Chandler, Senthan S. Thomas, Margaret Ann Shelton, Rosie Walls, Mack Chandler, Cinnamon McCalister, Michael McCalister, Jacqueline Boldern, Tirry Bolden, and Andrew Walker Jr. are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 24th day of October, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE