**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| **ALICE F. ADAMS, ET AL.,** | **PLAINTIFFS,** |
| **VS.** | **CIVIL ACTION NO. 4:02CV00054-P-B** |
| **CITIFINANCIAL, INC.,** | **DEFENDANTS**. |

**MEMORANDUM OPINION**

This matter comes before the court upon Defendant's motion for summary judgment with regard to the remaining plaintiffs in this action Deloris Perkins, Carl D. Shelley, and James Starks [164-1]. Upon due consideration of the motion and the response filed thereto, the court is prepared to rule. As will be explained below, the instant motion should be granted and the plaintiffs' claims should be dismissed with prejudice.

**I. FACTUAL BACKGROUND**

This case originally involved hundreds of plaintiffs suing a finance company for alleged predatory lending practices. More specifically, this case is one among many of the so-called "flipping and packing" insurance cases filed in Mississippi during the last few years. The claims include: (1) breach of fiduciary duty; (2) fraudulent misrepresentation; (3) negligent misrepresentation; (4) civil conspiracy; (5) gross negligence; (6) unconscionability; (7) fraudulent concealment; (8) unjust enrichment; (9) negligent, grossly negligent and wanton failure to monitor and train agents; (10) violation of the Mississippi Unfair or Deceptive Trade Practices Act; and (11) breach of the implied covenants of good faith and fair dealing.

Since the instant case was filed on February 20, 2002, all plaintiffs have been dismissed except Deloris Perkins, Carl D. Shelley, and James Starks.

1

The plaintiffs in this action base their claims on allegations that the defendant failed to disclose (1) that the credit life, credit disability, and/or credit property insurance were not required to obtain a loan; (2) that alternative credit insurance was available at a lower price; and (3) the loan interest rates.

On November 9, 2005, the defendant filed the instant motion for summary judgment seeking dismissal with prejudice of the remaining plaintiffs' claims because, given that the loans they entered into with Citifinancial occurred before February 20, 1999, said claims are barred by Mississippi's three-year statute of limitation period contained in Mississippi Code Annotated § 15-1-49(1). Furthermore, Citifinancial submits that with respect to Carl D. Shelley's claims, Shelley has submitted no evidence of any loan documents demonstrating that he ever borrowed money from Citifinancial. This fact is undisputed by Shelley. Citifinancial also submits that, contrary to the plaintiffs' position, Mississippi Code Annotated § 15-1-67's fraudulent concealment doctrine does not apply to toll the statute of limitations period. This is because it is undisputed that the plaintiffs signed the loan documents and that the loan documents clearly stated that credit insurance was not required for acquiring the loan.

The plaintiffs respond that the fraudulent concealment doctrine does indeed apply to toll the statute of limitations period because, even though Perkins and Starks maintain that they read the documents, they could not have understood the provisions regarding the credit insurance products. This argument is supported by the plaintiffs' forensic accountant expert Thomas Gober. He opines that the average consumer would not have been able to understand the terms and value of the credit insurance products given the behavior of the loan officers and given that the loan provisions did not explain that the plaintiffs were being overcharged for credit insurance products that were allegedly

2

worth little compared to other products in the marketplace.

## II. DISCUSSION

### A. Summary Judgment

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, *supra*, at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, *supra*, at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material

issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5 Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5 Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5 Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, *supra*, at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, *supra* at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id.*, at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id.*, at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978); *Schuchart & Associates v. Solo Serve Corp.*, 540 F.Supp. 928, 939 (WD Tex. 1982).

## B. Fraudulent Concealment

The fraudulent concealment doctrine in Mississippi provides that:

If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall

4

be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been first known or discovered.

Mississippi Code Annotated § 15-1-67 (1972).

As the Fifth Circuit Court of Appeals discussed in *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003), Mississippi law provides that in order to prove fraudulent concealment to toll the statute of limitations, the plaintiffs must prove that: (1) the defendants engaged in affirmative acts of concealment; **and** (2) "though [Plaintiffs] acted with due diligence in attempting to discover [the claim], they were unable to do so." *Ross*, 344 F.3d 458 (quoting *Robinson v. Cobb*, 763 So.2d 883 (Miss.2000)).

1. Affirmative Acts of Concealment

The plaintiffs argue that the Fifth Circuit in *Texas v. Allan Construction Company, Inc.*, 851 F.2d 1526, 1529 (5th Cir. 1988) held that a plaintiff need not show affirmative acts if the underlying wrong is "self-concealing." The Court in *Allan* wrote that the definition of a "self-concealing" wrong is "one in which deception is an essential element for some purpose other than merely to cover up the act." *Id*. at 1530. Citing the United States Supreme Court's decision in *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 349-50 (1875), the Fifth Circuit in *Allan* posited the following definition of a "self-concealing" wrong:

> [W]hen there has been no negligence or laches on the part of a plaintiff in coming to the knowledge of the fraud which is the foundation of the suit, and when the fraud has been concealed, or it is of such character as to conceal itself, the statute does not begin to run until the fraud is discovered by, or becomes known to, the party suing ....

*Id*. at 1529. The Fifth Circuit then referred to "the general rule that in a fraud case, the plaintiff need only aver the underlying fraud in order to toll the statue of limitations until such time as the plaintiff

5

had some notice of the wrong; fraud is, by its very nature, self-concealing." *Id*.

Along these lines, the plaintiffs argue that the defendant engaged in a deception at the point of sale that would not, and could not, have been discovered by the plaintiffs at the point of sale and beyond. That is, according to plaintiff's expert Thomas Gober, a forensic accountant, the defendants acted in a self-concealing fraudulent manner by (1) failing to disclose to the plaintiffs that they were overcharged for credit insurance products that were inferior to other such products available in the marketplace; (2) failing to disclose that Cifinancial received substantial insurance commissions to which they, Citifinancial, were also a beneficiary of the insurance policy proceeds in the event of a loss; (3) failing to disclose the complex premium and interest calculations that compounded the effects of the charges to the detriment of the customer; and (4) generally withholding essential information from its customers to prevent them from making informed decisions about the insurance products.

The court is not altogether persuaded that the Fifth Circuit's decision in *Allan* is dispositive in this Mississippi case with respect to whether or not the plaintiffs must show acts of concealment to establish fraudulent concealment in Mississippi. The decision in *Allan* did not discuss Mississippi law regarding fraudulent concealment; rather, *Allan* involved Texas litigants. Assuming *arguendo* that *Allan*'s holding that the plaintiffs need not show affirmative acts of concealment in cases of self-concealing fraud is binding upon this court, the court concludes that the alleged fraud was not self-concealing. The documents clearly and simply stated that the credit insurance products were not required for receiving the loan.

As to the plaintiffs' expert's claim that the defendants were fraudulent in overcharging the plaintiffs for insurance products that were substandard compared to other products in the market, or

6

for failing to disclose that Citifiancial received commissions for sale of the insurance products, the plaintiffs have not established that the loan officers had the duty to disclose such facts in what were nothing more than standard arms-length consumer loan transactions. Indeed, for a loan officer to sell a credit insurance product as a "good idea" is nothing but puffery that should put any consumer on notice. This is why the ancient doctrine of *caveat emptor* has survived through the ages.

In any event, even if the plaintiffs could establish affirmative acts of concealment or if the alleged wrongs were self-concealing such that they did not have to, the plaintiffs cannot meet the diligence prong of the fraudulent concealment doctrine.[1]

2. Diligence

In order to toll the statute of limitations period with Mississippi's fraudulent concealment doctrine, not only must the plaintiffs demonstrate affirmative acts of concealment (or not, if the alleged fraud is self-concealing), the plaintiffs must also show that they "acted with due diligence in attempting to discover [the claim], they were unable to do so." *Ross*, 344 F.3d 458 (quoting *Robinson v. Cobb*, 763 So.2d 883 (Miss.2000)).

Mississippi law provides that "a party is under an obligation to read a contract before signing it, and *will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract.*" *Id.* at 464 (quoting *Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.*, 584 So.2d 1254, 1257 (Miss.1991)) (emphasis by the Fifth Circuit). Further, the Mississippi Supreme Court in *Godfrey* wrote:

---

[1] See *Allan*'s reference, *supra*, to the U.S. Supreme Court's decision in *Bailey* regarding self-concealing wrongs required that there be "no negligence or laches on the part of a plaintiff in coming to the knowledge of the fraud which is the foundation of the suit."

> [I]nsureds are bound as a matter of law by the knowledge of the contents of a contract in which they entered notwithstanding whether they actually read the policy. Any alleged oral agreement in this case does not have any effect on the written insurance contract.

*Ross*, 344 F.3d at 465 (quoting *Godfrey*, 850 So.2d at 82).

It is undisputed that the documents clearly stated that the credit insurance products were not required in order to receive the loans. Due diligence can hardly exist if one supposedly reads a contract but ignores plain and simple language. .

It is fundamental to the very core of a viable economy that a person is bound by the contents of a contract he signs, whether he reads it or not. *E.g.*, *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83084 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (even an illiterate person is charged with reading a contract).

To agree with the plaintiffs' positions in opposition to the instant motion for summary judgment would be to begin the unraveling of centuries of contract law. One must read a contract before signing it. If one cannot understand it, he or she must seek assistance in understanding it by a third party. If this is not possible, then he or she should not sign the contract. The very requirement of a signature on a contract evinces society's belief that the creation of an agreement that legally

binds two or more parties requires proof of that agreement. This proof usually comes in the form of signatures and/or performance. Agreeing with the plaintiffs' arguments would severely attenuate, if not destroy, the inveterate concepts of puffery and *caveat emptor* or "buyer beware."

### III. CONCLUSION

The court concludes that after viewing the facts in a light most favorable to Plaintiffs Deloris Perkins, Carl D. Shelley, and James Starks , there is no *genuine* issue of material fact that necessitates a trial of their claims against Citifiancial. Their claims are barred by Mississippi's three-year statute of limitations period. Therefore, Citifinancial's Motion for Summary Judgment [164-1] should be granted. Accordingly, an Final Judgment shall issue forthwith,

**THIS DAY** of November 21, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE